**STATE of Utah, Plaintiff and Appellee,**

v.

**Joseph L. WALKER, Defendant and Appellant.**

No. 880039.

Supreme Court of Utah.

Nov. 4, 1988.

Martin V. Gravis, Ogden, for defendant and appellant.

David L. Wilkinson, Charlene Barlow, Salt Lake City, for plaintiff and appellee.

PER CURIAM:

Defendant Joseph L. Walker appeals from a jury verdict and conviction of aggravated sexual assault, a first degree felony in violation of Utah Code Ann. § 76-5-405 (1978). He claims the evidence was insufficient to convict him. We affirm and limit our discussion to the two points raised by defendant without unnecessarily reciting the facts.

On appeal, it is the defendant's burden to establish that the evidence at trial was so inconclusive or insubstantial as to preclude the jury from properly finding guilt beyond a reasonable doubt. *See State v. Kerekes,* 622 P.2d 1161 (Utah 1980). In reviewing the conviction, we do not substitute our judgment for that of the jury. "So long as there is some evidence, including reasonable inferences, from which findings of all the requisite elements of the crime can reasonably be made, our inquiry stops." *State v. Booker,* 709 P.2d 342 (Utah 1985).

Defendant first claims that there was insufficient evidence to support the conviction of aggravated sexual assault. The weapon seized at the scene of the crime was a flat, not a pointed, screw driver, and the victim failed to mention any screw driver in her statements to the police or during preliminary hearings. The victim testified that defendant approached her from behind, held a sharp object against her neck, said, "If you do what you're told, you won't be hurt," and then raped her. After the first assault, she saw the metal end of that object sticking out of defendant's pocket when he stopped to answer the telephone. Before the second assault, she saw it on the dresser and did not know where it was after that. The jury was instructed that a "deadly or dangerous weapon" was "an item that in the manner of its use or intended use is capable of causing death or serious injury." It was further instructed that whether an object not commonly known as a dangerous weapon could be construed as a dangerous weapon was determined by the character of the instrument, the character of any wound produced, or the manner in which the instrument was used. That instruction mirrors the definition of "dangerous weapon" in section 76-10-501(2) of the Criminal Code. "It is the jury's duty to resolve all questions regarding the reliability of the

testimony, and the jury obviously believed that of the complainant. We may not substitute our judgment of credibility for the jury's." *State v. Lovato*, 702 P.2d 101 (Utah 1985).

█ Defendant next contends that the evidence was insufficient to show that he had sexual intercourse with the victim. He bases that claim on the fact that several days after the victim reported the rape, he was diagnosed as having non-gonococcal urethritis, whereas the victim was diagnosed as probably suffering from gonorrhea. The point lacks all merit. The victim's testimony that defendant achieved penetration twice was corroborated by medical evidence of sperm in the victim's vagina from a specimen taken within hours after the rape. The victim testified that her last intercourse with her husband had been more than thirty-four hours before the reported rape, and the medical expert testified that the age of the sperm taken from her was fresh and deposited within twenty-four hours of examination.

We conclude that there was sufficient evidence, including reasonable inferences, from which the jury could have found all the requisite elements of the crime with which defendant was charged. The conviction is affirmed.